834 F.2d 172
 UNPUBLISHED DISPOSITION
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BROCK ELECTRIC COMPANY and Jeanes Mechanical Contractors,
Inc., Plaintiffs- Appellees,
v.
CLARK EQUIPMENT COMPANY, the Austin Company and Austin
Engineers, Inc., Defendants-Appellants.
 Nos. 86-5117, 86-5261 and 86-5106.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1987.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges; and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Brock Electric Company, Inc., and defendant, cross-plaintiff Jeanes Mechanical Contractors, Inc., appeal from an order of the district court granting the motion for summary judgment filed by defendant Clark Equipment Company, and dismissing the complaint and cross-complaint against it. Having reviewed the briefs and extensive record, we conclude that the district court correctly analyzed the issues before it on summary judgment, and therefore affirm the order of the district court, for the reasons stated in the district court's memorandum, entered on October 9, 1985.
 
 
 2
 The judgment of the district court is AFFIRMED.
 
 COOK, District Judge, concurring:
 
 3
 I write separately to describe my reasons for concurring in the per curiam of this Court. Although this case appears to be factually complex, I believe that the district court below was correct in granting summary judgments for Defendants because of the untenable nature of Plaintiffs' legal theories.
 
 
 4
 More specifically, and with regard to the tortious interference issue, the district court correctly perceived that Plaintiff had made no showing that the actions of Clark Equipment Company (Clark) or The Austin Company (Austin) were anything more than negligence at most. Indeed, Defendants could not possibly have had the requisite motive to intentionally interfere with Plaintiff since it was in their economic interests to secure a rapid completion of the project. Mere negligence, without more, does not support Plaintiff's cause of action. See Prosser on Torts, Sec. 129 at 997 (5th Ed.1984).
 
 
 5
 Plaintiffs' unjust enrichment claims, as described by the district judge, are similarly untenable because the contract between Clark and Austin expressly disclaimed any contractual relationship between Clark and any of the subcontractors whom Austin might employ. Thus, those subcontractors have no cause of action against Clark even under an implied contract theory. Moreover, Clark could not be said to have impliedly assented to any additional work by the subcontractors as required for this kind of claim. See Weil v. B.E. Buffaloe & Co., 65 S.W.2d 703, 708 (Ky.1933). Clark simply gave an order to Austin to speed things up. This certainly did not constitute assent to added work by Clark to the subcontractors.
 
 
 6
 Thus, for the above reasons, I concur in the per curiam.
 
 ORDER
 
 7
 Appellant Brock Electric Company, having filed a motion for clarification, pointing out the court's having omitted reference in its opinion of December 3, 1987 to the district court's order of December 16, 1986, which was the subject of the appeal in Case No. 87-5106, the motion for clarification is sustained, and it is ordered than an Amended Opinion of the court be entered nunc pro tunc.
 
 
 
 *
 The Honorable Julian A. Cook, United States District Court for the Eastern District of Michigan, sitting by designation